UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff

-against-

MAMUKA CHAGANAVA,

           Defendant.

17 Cr. 350 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Mr. Chaganava's letter motion filed August 12, 2021.  (Dkt. no. 1363) (Copy attached).  The Warden of FCI Fort Dix, or his or her designee, shall respond by letter no later than September 10, 2021 to Mr. Chaganava's allegations regarding inmate Floyd Turner's illness and death at the facility.

    The Government is requested to convey this order to the Warden of FCI Fort Dix.

    SO ORDERED.

Dated:   New York, New York
          August 13, 2021

                                  _____
                                  LORETTA A. PRESKA
                                  Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,  )
                           )
            v.             )   Criminal No. 17 cr 350-LAP
                           )
CHAGANAVA MAMUKA           )
       DEFENDANT.          )
                           )

**EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT 18 USC§3582(c)(1)(A)**

Defendant _____ respectfully moves this Honorable Court to Reduce his sentence under the First Step Act 18 USC 3582(c)(1)(A) and alleges as follows;

Defendant was sentenced to a sentence of 10 years in this court followed by a term of Supervised Release. He has developed PTSD, depression and hypertension.

Defendant was transferred to FCI Fort Dix in New Jersey and held in Unit 5851, cell 219 a Quarintine Unit. On 7/15/21 an Inmate arrived to the same Unit complaining that "I can't breath". On 7/16/21 that inmate was housed in Room 219 the same room as Defendant. For two solid days from 7/15/21 - 7/16/21 the inmate named Floyd Turner complained to Defendant and other inmates and staff that "I can't breath". On 7/16/21 Mr. Turner was found unresponsive on his bed with no pulse. For over two days staff did not call 911. Unfortunately Mr. Turner passed away and Defendant watched how over 48 hours staff let him die. Defendant literally watched this man die and had no power to prevent this totally preventable death. Mr. Turner also complained that "I think I" defecated "in my pants" and was vomiting. Defendants severe stress and other conditions

1

[ All available remedies have been exhausted because Defendant submitted an electronic request to the Warden to be released. No printer is available in SB51 Defendant cannot make a copy of the electronic request. Submitted on TrueLincs ]

to include hypertension and depression worsened yet no psychologist or medical staff ever saw him. Indeed when as in this case staff literally allowed a man to die by being indifferent to his serious medical needs and Defendant had to witness it, it rises to a violation of Defendants 8th Amendment Rights and Due process because Staff did not also treat Defendant nor anyone else. Pursuant to the above the Court should reduce Defendants sentence to time served and release him along with all other requested and warranted relief. Mr Floyd Turners complaints amount to classic symptoms of Covid 19.

Defendant is not a danger to the community or any person in it because he has not incurred any incident reports since being confined. Defendant is married and has housing and potential employment. Defendant will not re offend. A court must look at post sentence conduct when considering the 3553(a) factors. See United States v. Nasir (3rd cir.). Defendant is not vaccinated and is at serious risk of death or bodily injury if he catches Covid 19. Defendant was assisting and was exposed to Mr. Turner who had Covid symptoms and may have had Covid 19 or Delta Covid and it is patently clear that Ft. Dix staff cannot manage the spread or treat the sick. If Defendant gets sick Ft. Dix won't treat him and he has not been treated for anything. Accordingly, this motion should be granted.

WHEREFORE, The Emergency Motion to Reduce sentence under the First Step Act 18 USC 3582(c)(1)(A) should be granted. Defendants sentence should be reduced to time served along with all other requested and warranted relief.

2

Respectfully submitted,

M. Ch

CHAGANAVA MAMUKA
# 79241-054
FCI Ft. Dix
Box 2000
Joint Base, NJ 08640

DEFENDANT

HBF

Certificate of Service & filing

I hereby certify that I served and filed a true and correct copy of the foregoing by mail delivery and ECF/cm electronic notification by handing a postage pre-paid copy addressed to; Clerk, US District Court, 500 Pearl Street; US Courthouse, New York, NY 10007

and upon; Office of the U.S. Attorney
New York, NY 10007

See Houston v. Lack, 487 US 266 (1988)

M. Ch

CHAGANAVA MAMUKA

COPY

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

INMATE REQUEST TO STAFF CDFRM

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Warden Ortiz | DATE: 7/17/21 |
|---|---|
| FROM: CHAGANAVA MAMUKA | REGISTER NO.: 79241-054 |
| WORK ASSIGNMENT: None | UNIT: 585I |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request. I request that my sentence be reduced under the First Step Act and/or the Cares Act based on PTSD, depression and other underlying conditions which make me less likely to contract Covid 19 or a Covid variant if I were released. I have a place to reside and am not a danger, can social distance and wear a mask and wash my hands. I will reside in New York, NY with my wife. Please reduce my sentence to time served and/or place me on Home Confinement. I am in the same room as the Inmate who recently died and watched him die over two days which is depressing.

(Do not write below this line)

DISPOSITION:

Signature Staff Member                Date

Record Copy - File; Copy - Inmate

PDF                     Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy Folder

SECTION 6



(Exhibit A)